# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED | No. 77197 |

RICHARD LEVON CAPLAN,
                    Appellant,
          vs.
LENNY JORJORIAN,
                    Respondent.

FILED

JAN 06 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order denying a petition to reopen in a probate matter. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

On May 22, 2019, this court granted respondent's unopposed motion for appellant to file a cost bond pending appeal.[1] *See* NRAP 7. This court directed appellant to provide this court, by June 5, 2019, with either (1) proof of the $500 appeal bond's payment, (2) a file-stamped copy of a proper district court motion to fix a different bond amount, or (3) a file-stamped district court order showing that compliance with NRAP 7 was otherwise accomplished. This court cautioned appellant that failure to comply could result in the imposition of sanctions, including the dismissal

---

[1]A copy of this order is attached.

20-00672

of this appeal. On June 3, 2019, appellant filed, in this court, a petition to waive the cost bond. On June 14, 2019, this court denied the petition and directed appellant, by June 28, 2019, to provide this court with (1) proof of the appeal bond's payment, (2) a file-stamped copy of a proper district court motion to fix a different bond amount, or (3) a file-stamped district court order showing that compliance with NRAP 7 was otherwise accomplished.[2] Appellant did not comply. Instead, appellant filed a motion to waive the cost bond requirement. Appellant indicated he filed a motion to waive the cost bond in the district court but the district court did not rule on the motion. This court denied the motion on August 7, 2019, and directed the district court to rule on appellant's motion.[3] The district court subsequently denied appellant's motion. Accordingly, on August 26, 2019, this court directed appellant to provide this court with proof of payment of the cost bond by September 9, 2019.[4] Appellant was cautioned that failure to comply could result in the dismissal of this appeal. Appellant did not comply but filed another motion to waive the cost bond requirement. This court denied the motion on October 10, 2019, and directed appellant to file the cost bond in the district court by October 24, 2019, or face dismissal of this appeal.[5] To date, appellant has not filed any proof of payment of the cost bond in the district court or otherwise communicated with this court. The district court docket sheet does not indicate that a cost bond has been paid. Accordingly,

---

[2]A copy of this order is attached.

[3]A copy of this order is attached.

[4]A copy of this order is attached.

[5]A copy of this order is attached.

SUPREME COURT
OF
NEVADA

(O) 1947A

it does not appear that appellant has paid the cost bond as required by NRAP 7 and this court

ORDERS this appeal DISMISSED.[6]

_____ J.
Gibbons

_____ , J.          _____ , J.
Stiglich                                       Silver

cc:    Hon. William S. Potter, District Judge, Family Court Division
        Richard Levon Caplan
        Cary Colt Payne
        Eighth District Court Clerk

---

[6]In light of this order, respondent's motion to dismiss filed on January 2, 2020, is denied as moot.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF
AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN,
                    Appellant,
          vs.
LENNY JORJORIAN,
                    Respondent.

No. 77197

FILED

MAY 2 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## ORDER

Respondent has filed an unopposed motion for appellant to file a cost bond in accordance with NRAP 7. The motion is granted to the following extent. Appellant shall have 14 days from the date of this order to submit to the clerk of this court (1) proof of the $500 appeal bond's payment, (2) a file-stamped copy of a proper district court motion to fix a different bond amount, or (3) a file-stamped district court order showing that compliance with NRAP 7 has otherwise been accomplished. If appellant chooses to file a motion to fix a different bond amount in the district court, the district court shall rule on the motion within 30 days, and appellant shall then provide a file-stamped copy of the district court's order to this court. We caution appellant that failure to comply with this order may result in the imposition of sanctions, including the dismissal of this appeal.

Respondent has also filed a response to appellant's transcript request form. Appellant's request form states he was informed that no reporter was present at the court hearings and no official transcript is available. Respondent states that no written transcript is provided unless

19-22433

a party requests its production and provides payment. Respondent requests that appellant actually order and pay for the transcripts.

Appellant shall have 14 days from the date of this order to file a transcript request form in the district court, serve it on the appropriate court reporter or recorder, and file a file-stamped copy of the transcript request form in this court. *See* NRAP 9(b). Should appellant require additional information about requesting transcripts, he should contact the clerk of the district court or the self-help center.

It is so ORDERED.

_____, C.J.

cc:  Hon. William S. Potter, District Judge, Family Court Division
     Richard Levon Caplan
     Cary Colt Payne
     Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF
AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN,
                  Appellant,
       vs.
LENNY JORJORIAN,
                 Respondent.

No. 77197

FILED

JUN 1 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER

Appellant has filed, in pro se, a petition for waiver of cost bond. As indicated in this court's May 22, 2019, order, any motion to decrease or waive the cost bond should be filed in the district court in the first instance. Accordingly, the motion is denied without prejudice. Appellant shall have 14 days from the date of this order to submit to the clerk of this court (1) proof of the $500 appeal bond's payment, (2) a file-stamped copy of a proper district court motion to fix a different bond amount, or (3) a file-stamped district court order showing that compliance with NRAP 7 has otherwise been accomplished. If appellant chooses to file a motion to fix a different bond amount in the district court, the district court shall rule on the motion within 30 days, and appellant shall then provide a file-stamped copy of the district court's order to this court. Failure to comply with this order may result in the imposition of sanctions, including the dismissal of this appeal.

It is so ORDERED.

_____ C.J.

19-25836

cc: Hon. William S. Potter, District Judge, Family Court Division
Richard Levon Caplan
Cary Colt Payne
Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF
AZAD E. JOSEPH, DECEASED

No. 77197

RICHARD LEVON CAPLAN,
                    Appellant,
                vs.
LENNY JORJORIAN,
                    Respondent.

**FILED**

AUG 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
      DEPUTY CLERK

## *O R D E R*

This court previously entered an order denying appellant's motion to waive the cost bond. *See* NRAP 7 (requiring non-exempted appellants to file a bond for costs on appeal). This court directed appellant to submit to this court either 1) proof of the $500 appeal bond's payment, (2) a file-stamped copy of a proper district court motion to fix a different bond amount, or (3) a file-stamped district court order showing that compliance with NRAP 7 has otherwise been accomplished. If appellant chose to file a motion to fix a different bond amount in the district court, the district court was to rule on the motion within 30 days, and appellant was to provide a file-stamped copy of the district court's order to this court.

Appellant has now filed a second motion to waive the requirement to file a cost bond. Appellant indicates that he filed a motion to waive the cost bond in the district court but, to date, the district court has not ruled on the motion.[1] Appellant did not file a file-stamped copy of his district court motion in this court as directed. Respondent opposes the

---

[1]Appellant also seems to ask that this court reconsider its April 5, 2019, order denying appellant's motion to proceed in forma pauperis. The request is denied.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-33219

motion and asks that this appeal be dismissed. Respondent states that appellant's motion was not heard by the district court because appellant did not file a notice of motion or notice of hearing.

Appellant's motion to waive the cost bond is denied without prejudice. The district court shall have 30 days from the date of this order to enter a written order ruling on appellant's June 3, 2019, petition for waiver of the cost bond. Within 7 days of entry of the district court's order, the clerk of the district court shall transmit a copy of the written, file-stamped order to the clerk of this court. Respondent's motion to dismiss this appeal is denied.

The briefing schedule in this appeal is suspended pending further order of this court.

It is so ORDERED.

_____, C.J.

cc:    Hon. William S. Potter, District Judge, Family Court Division
Richard Levon Caplan
Cary Colt Payne
Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED | No. 77197 |

RICHARD LEVON CAPLAN,
Appellant,

vs.

LENNY JORJORIAN,
Respondent.

FILED

AUG 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER

On August 7, 2019, this court entered an order denying appellant's renewed motion for waiver of the cost bond and directing the district court to rule on appellant's pending motion to waive the cost bond. The district court has now filed a copy of an order denying appellant's motion to waive the cost bond. Accordingly, appellant shall have 14 days from the date of this order to provide this court with proof of payment of the $500 cost bond payment. NRAP 7. Failure to comply with this order may result in the dismissal of this appeal.[1] Briefing remains suspended pending further order of this court.

It is so ORDERED.

_____, C.J.

---

[1]This court previously denied appellant's motion to proceed in forma pauperis, concluding that appellant failed to demonstrate that he is indigent. Thus, this court is not inclined to entertain further motions to waive the cost bond.

19-35052

cc:   Richard Levon Caplan
      Cary Colt Payne

SUPREME COURT
OF
NEVADA

(O) 1947A

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF
AZAD E. JOSEPH, DECEASED

No. 77197

RICHARD LEVON CAPLAN,
                          Appellant,

vs.

LENNY JORJORIAN,
                          Respondent.

**FILED**

OCT 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
        DEPUTY CLERK

## ORDER

Appellant has filed a pro se motion for summary judgment. Respondent opposes the motion. Appellant appears to seek a ruling regarding the merits of this appeal. Such relief is not appropriately sought in a motion. Accordingly, the motion is denied.

Appellant has also filed a pro se motion to waive the requirement to file a cost bond. *See* NRAP 7. Appellant appears to ask this court (1) to reconsider his February 11, 2019, motion to set aside the district court's denial of his motion to proceed in forma pauperis and (2) to allow him to proceed on appeal without a cost bond. Appellant's requests are denied. Appellant shall have 14 days from the date of this order to file a bond for costs on appeal in the district court in accordance with NRAP 7 or face dismissal of this appeal.

It is so ORDERED.

_____, C.J.

19-41948

cc: Richard Levon Caplan
Cary Colt Payne

SUPREME COURT
OF
NEVADA

(O) 1947A